1  **CUSTODIO & DUBEY, LLP**
   Robert Abiri (SBN 238681)
2  445 S. Figueroa Street, Suite 2520
   Los Angeles, CA 90071
3  Telephone: (213) 593-9095
   Facsimile: (213) 785-2899
4  E-mail: abiri@cd-lawyers.com

5  *Attorneys for Plaintiff and the Putative Classes*

6

7                **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
8

9  Jason McAllister, on behalf of himself and all    CASE NO.:  2:22-at-00832
10 others similarly situated,

11              Plaintiff,                           **CLASS ACTION COMPLAINT**

12        v.

13 Starbucks Corporation,                            **DEMAND FOR JURY TRIAL**

14              Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Jason McAllister ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Starbucks Corporation ("Defendant" or "Starbucks") based upon personal knowledge as to himself, and upon information, investigation and belief of his counsel.

**INTRODUCTION**

1.     This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of a number of its Starbucks Refresher Products, which are marketed as fruit-based beverages available for sale at Starbucks' brick and mortar locations.

2.     Starbucks has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contain those advertised fruits. Specifically, the Products include the following: (1) Mango Dragonfruit Lemonade Starbucks Refreshers; (2) Mango Dragonfruit Starbucks Refreshers; (3) Strawberry Acai Lemonade Starbucks Refreshers; (4) Strawberry Acai Starbucks Refresher; (5) Pineapple Passionfruit Lemonade Starbucks Refreshers; and (6) Pineapple Passionfruit Starbucks Refreshers (together, the "Products").

3.     Despite their names, and unbeknownst to consumers, the Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain ***no mango***, the Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain ***no passionfruit***, and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain ***no acai***. Instead, ***all*** of the Products are predominantly made with water, grape juice concentrate, and sugar.

4.     Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on Defendant's naming of the Products. Had Plaintiff and other consumers been aware that the Products are missing one of the named fruits, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the

1  parties are minimally diverse, as members of the proposed class are citizens of states different than

2  Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of

3  interests and costs.

4        6.     This Court has personal jurisdiction over Defendant because it conducts and

5  transacts substantial business in California, and intentionally and purposefully placed the Products

6  into the stream of commerce within California.

7        7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial

8  part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely,

9  Plaintiff purchased the Product in this District.

10  **PLAINTIFF**

11        8.     Plaintiff is a citizen of the United States and the State of California and he currently

12  resides in Fairfield, California. In or around June 2022 and in early 2022, Plaintiff purchased the

13  Strawberry Acai Refresher Product from Starbucks stores in Fairfield and Vacaville, California.

14  Based on the Product's name posted on the store's menu board, Plaintiff reasonably believed that

15  the Product contained acai. Moreover, he did not see any statement or information on the

16  Starbucks menu board which informed him that there was no acai in the Product. Had he known

17  that the Product did not contain acai, he would not have purchased it, or would have paid

18  significantly less for it.

19        9.     Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as

20  advertised, if they actually contained all the fruits represented by the Products' names. Although

21  Plaintiff regularly shops at Starbucks stores that carry the Products, absent an injunction of

22  Defendant's deceptive advertising, he will be unable to rely with confidence on Defendant's

23  advertising of the Products in the future. Furthermore, while Plaintiff currently believes that the

24  Products do not contain all the fruits advertised by the Products' names, he lacks personal

25  knowledge as to Defendant's specific business practices, and thus, he will not be able determine

26  whether the Products truly will provide the ingredients plainly promised by the Products' names.

27  Indeed, nothing on Starbucks' menu boards informs consumers of the Products' ingredients. This

28  leaves doubt in his mind as to the possibility that at some point in the future the Products could be

made in accordance with their names. This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that they will receive all the fruits advertised by the Products' names.

## DEFENDANT

10.     Defendant Starbucks Corporation is a Washington corporation with its principal place of business in Seattle, Washington. Defendant operates one of the world's largest coffee and beverage chains, which sell coffee, tea, and other beverages, including the Products challenged in this Complaint.

## FACTUAL ALLEGATIONS

11.     Defendant is responsible for the formulation, manufacturing, marketing, naming, advertising, and sale of its beverage products sold in its thousands of retail stores located in the United States, including the Products at issue here.

12.     The Products are part of Defendant's "Refresher" line of beverages, marketed as fruit-based beverages.

13.     Unfortunately for consumers, Defendant engages in false and misleading advertising regarding the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

14.     Specifically, for each of the Products, Starbucks has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contain those specific fruits.

15.     Indeed, as portrayed below, the presence of fruit in the Products is central to the Products' identity.



16.     Based on the Products' advertising, reasonable consumers purchase the Products with the expectation that the Products contain *all* the fruits clearly listed in their respective names.

17.     However, unbeknownst to consumers, the Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain **no mango**, the Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain **no passionfruit**, and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain **no acai**.

18.     Instead, **all** of the Products are predominantly made with water, grape juice concentrate, and sugar.

19.     This is not what consumers expect when it comes to Starbucks items. Consumers expect Starbucks' products to live up to their name, and many of them rightfully do. Indeed, Starbucks' hot chocolate contains cocoa, its matcha lattes contain matcha, and its honey mint tea contains honey and mint, just as consumers expect. While these Starbucks' products live up to their names and contain their promised ingredients, the Products are missing mango, passionfruit, and acai. Moreover, furthering the deceptive nature of Starbucks' advertising is the fact that the Products do in fact contain freeze-dried pieces of strawberries, pineapple, and dragon fruit, which would indicate to a reasonable consumer that the Products fully lives up to its name by advertising **all** of the fruits advertised in the Products' name. Thus, the Products' names are deceptive.

20.     Notably, nowhere does Starbucks disclose that these Products are missing their promised ingredients. As such, consumers cannot reasonably know or expect that the Products are each missing one of the named ingredients.

21.     The reasonable belief that the Products contain all their advertised fruits was a significant factor in Plaintiff and other class members' decisions to purchase the Products. These missing fruits are important to consumers because they are premium ingredients, and consumers value them over the less nutritious and cheaper grape juice concentrate found in the Products. For example, acai berry and its juice, which are missing from the Strawberry Acai and Strawberry Acai Lemonade Products, are known to provide benefits to heart health, cognitive function, and contain anti-cancerous properties.[1] Mango is also known to provide a "great source of magnesium

---

[1] https://www.medicalnewstoday.com/articles/305576#health-benefits

and potassium."[2] And passionfruit is known to be rich in Vitamin C, Vitamin A, fiber, and other nutrients.[3] Conversely, grape juice concentrate is a less premium ingredient commonly used as a cheap filler in juice products. Thus, Starbucks promises premium products, but provides consumers with cheaper, less premium alternatives.

22. As the entity responsible for the development, naming, manufacturing, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products falsely and deceptively represent to contain certain ingredients that they do not contain.

23. Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's advertising. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and gain an unfair advantage in the market.

24. Consumers are willing to pay more for the Products based on the belief that the Products contain mango, passionfruit, and acai. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

25. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All residents of California who purchased the Products within the applicable statute of limitation ("California Class").

---

[2] https://www.webmd.com/diet/health-benefits-mango
[3] https://www.webmd.com/food-recipes/passion-fruit-health-benefits#:~:text=Passion%20fruit%20is%20full%20of,protects%20your%20cells%20from%20damage

**California Consumer Subclass**

All residents of California who purchased the Product for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the California Class, the "Classes").

27.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

28.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

29.     Plaintiff is a member of all the Classes.

30.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records or through sales data. At a minimum, there likely are hundreds of thousands of Class members.

31.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

       a.   whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

       b.   whether reasonable consumers would rely upon Defendant's representations about the Product and reasonably believe the Products contain all their advertised ingredients;

       c.   whether Defendant knew or should have known its representations were false or misleading;

       d.   whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

-8-

e.  whether certification of each Class is appropriate under Rule 23;

f.  whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

32.  **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the representations made by the Defendant about the Products prior to purchasing the Product. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

33.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

34.  **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

35.  **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual

litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

36.     **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
(***For the California Consumer Subclass***)

37.     Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

38.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

39.     The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

40.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By representing the Products with the names of specific ingredients, Defendant has represented and continues to represent that the Products have characteristics (i.e., that they contain acai, mango, and passionfruit) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

41.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing the Products with the names of specific ingredients, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., that they contain acai, mango, and passionfruit) when they are not of that standard. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

42.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By advertising the Products with the names of specific ingredients, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

43.     At all relevant times, Defendant has known or reasonably should have known that the advertising of the Products' names is false and misleading, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Products' names when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing they are receiving ingredients in the Products that they are not actually receiving.

44.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

45.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products do not contain all the ingredients plainly advertised by the Product's names.

46.     Under Cal. Civ. Code § 1782(d), Plaintiff is currently bringing an action for injunctive relief under the CLRA. Not less than 30 days after the commencement of this action, Plaintiff will amend his complaint to include a request for damages pursuant to Section 1782 of the CLRA.

-11-

47.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached hereto as Exhibit A to this Complaint.

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500*, et seq*
### (*For the California Class*)

48.     Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

50.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

51.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed California Class, through its deceptive advertising, that the Products contain specific ingredients that they do not contain. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

52.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to them and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class

-12-

may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200,** *et seq.*
(***For the California Class***)

53.     Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

54.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California Business & Professions Code § 17200 ("UCL").

55.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

56.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed California Class.

57.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' advertising. Deceiving consumers into believing they will receive certain ingredients based on the Products' advertising, but failing to provide those ingredients as advertised, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

-13-

58.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing they will receive ingredients that they will not receive due to the Products' advertising and names. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

59.    Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(***For the California Class***)

60.    Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

61.    Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant for breach of express warranty under Cal. Com. Code § 2313.

62.    California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

63.    Plaintiff and members of the Class formed a contract with Defendant at the time they purchased the Products. As part of those contracts, Defendant represented that the Products

-14-

are "(1) Mango Dragonfruit Lemonade Starbucks Refreshers; (2) Mango Dragonfruit Starbucks Refreshers; (3) Strawberry Acai Lemonade Starbucks Refreshers; (4) Strawberry Acai Starbucks Refresher; (5) Pineapple Passionfruit Starbucks Refreshers; and (6) Pineapple Passionfruit Lemonade Starbucks Refreshers", representing that those beverages contain, based on the Product's name, either mango, passionfruit, or acai.

64.     The Products' names are: (a) an affirmation of fact or promise made by Defendant to consumers that the Products contain the ingredients represented in the Products' names; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

65.     Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

66.     Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Products with the ingredients plainly advertised by the Products' names.

67.     Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**Cal. Com. Code § 2313**
(*For the California Class*)

68.     Plaintiff repeat the allegations contained in paragraphs 1-36 above as if fully set

forth herein.

69.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant for breach of implied warranty under Cal. Com. Code §2314.

70.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

71.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

72.     Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

73.     By advertising the Products with the names of specific fruits on its menu boards, Defendant made an implied promise in the Products' advertising that the Products contain these specific fruits.  The Products, however, have not conformed to these promises because the Products do not contain all the fruits listed by the Products' names on Defendant's menu boards. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

74.     If Plaintiff and members of the California Class had known that the Products' names were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
***(for the Classes)***

75.     Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

76.     Plaintiff brings this claim individually and on behalf of the members of the

-16-

proposed California Class against Defendant for unjust enrichment.

77.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the California Class to induce them to purchase the Products. Plaintiff and members of the California Class have reasonably relied on the misleading representations and have not received all of the benefits (i.e., all the named fruits) promised by Defendant through the Products' names. Plaintiff and members of the proposed California Class have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

78.     Plaintiff and members of the proposed California Class have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed California Class.

79.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed California Class—i.e., Plaintiff and members of the proposed California Class did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

80.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**SEVENTH CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the Classes)***

81.     Plaintiff repeats the allegations contained in paragraphs 1-36 above as if fully set forth herein.

82.     Plaintiff brings this claim individually and on behalf of the members of the Classes for common law fraud.

83.     Defendant has willfully, falsely, and knowingly misrepresented the Products' ingredients through the Products' names, as it knew that the Products did not contain the specific fruits represented by the Products' names (i.e., mango, acai, and passionfruit).

84.     Defendant has therefore made knowing, fraudulent misrepresentations as to the Products.

85.     Defendant's misrepresentations were material (i.e., they affected Plaintiff and members of the Classes' purchasing decisions given their importance), because the Products are fruit-based beverages, yet they do not contain all the fruits as advertised.

86.     Defendant knew or recklessly disregarded the fact that the Products did not contain the specific fruits as promised by the Products' names.

87.     Defendant intended that Plaintiff and members of the Classes rely on the Products' advertising, as if they had known the truth that the Products lacked all the ingredients promised by the Products' names, they would have less for the Products or would not have purchased them at all.

88.     Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and if Plaintiff and members of the Classes had known the truth about the Products, they would not have paid monies for the Products or would have paid less monies for the Products.

89.     For these reasons, Plaintiff and members of the Classes have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendant's fraudulent conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F.     An award of nominal, punitive, and statutory damages;

H.     An award to Plaintiff and his counsel of reasonable expenses and attorneys' fees;

I.     An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.     For such further relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: August 8, 2022                    **CUSTODIO & DUBEY, LLP**

By:   ___/s/ Robert Abiri_____

Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the
Putative Classes*

-19-

## <u>DECLARATION OF JASON MCALLISTER</u>

I, Jason McAllister, hereby declare:

1.      I am a Plaintiff in the action entitled *Jason McAllister v. Starbucks Corporation*.  I am a competent adult over eighteen years of age and I have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently thereto.

2.      I currently reside in the city of Fairfield, located in the County of Solano.

3.      I last purchased the Starbucks Strawberry Acai Refresher product in or around June 2022 in Fairfield, CA.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on <u>08/05/2022</u> at Fairfield, California.

Jason McAllister

DECLARATION